ROGERS COMMISSION COMPANY *v.* FARMERS' BANK OF LESLIE.

Opinion delivered October 30, 1911.

1. BILLS AND NOTES—LIABILITY OF DRAWEE.—Where a check drawn upon a bank has not been accepted by it, the payee can not maintain an action upon it against the bank, as there is no privity of contract between them. (Page 539.)

2. PLEADING—AMENDMENT.—It was error to refuse to permit the plaintiff to amend his complaint at the trial to conform to facts first brought to plaintiff's knowledge at the trial by defendant's testimony. (Page 539.)

Appeal from Searcy Circuit Court; *George W. Reed,* Judge; reversed.

STATEMENT BY THE COURT.

Plaintiff sued the defendant, alleging that on June 1, 1910, a check was drawn by Crisp & Burman upon the defendant for the sum of $117.07, which was on June 6, 1910, in due course of business presented to the bank for payment, at which time there was deposited in the bank in favor of the drawer of the check the sum of $300, sufficient to pay the check and discharge its obligation. That the defendant wrongfully refused to pay it and wrongfully procured the check to be protested, causing plaintiff to expend the sum of $4.15 protest fees. That said sum of $300 deposited in defendant's bank was the property of Crisp & Burman and subject at the time to said check of the firm.  Prayed judgment for the amount of the check and judgment and protest fees.  The answer denied liability and all the allegations of the complaint.

The testimony tended to show that the check was presented to the drawee bank on the 6th day of June; that it was stamped paid; that the paid stamp was thereafter marked "Error,"

and on that day the check was duly protested for nonpayment and notices sent to all the parties. It further developed that the books of the bank showed on that date a credit of more than $300 to the drawers' account, subject to their check, and that the check sued upon was actually charged to the account of the drawers, and that other checks were thereafter presented and paid the same day to such an extent that the drawers' account was overdrawn more than $100 at the close of business.

The cashier explained that the check was erroneously marked paid, and was not in fact charged against the drawers' account; that there were no sums in the bank to the drawers' account, since the bank held a check in the cash drawer for $300 in its favor, at the time the plaintiff's check was presented, which was so held and not paid because of there being no sufficient funds. It seems the bank's $300 check was the individual check of Will Crisp, who, the cashier stated, was successor to the drawer firm, which he swore had been dissolved before the check was given. He stated further that the drawers had been allowed frequently to overdraw, and that the bank's book, as exhibited in the court, did not correctly reflect the account of the drawers of the check. The drawers of the check failed probably the next day after this transaction of presenting their check at the bank.

The testimony of the cashier was by no means satisfactory, and his disposition appeared to be to conceal rather than to reveal the true condition relative to the drawers' account, and presentation and refusal of payment of the check, if not a juggling of the facts and entries for the protection of the bank, after the failing condition of the drawers was discovered.

When the testimony was all in, plaintiff moved to amend its complaint by alleging the acceptance of the said check upon its presentation, by which the bank became bound to its payment to plaintiff, which motion was denied, and to the denial of which exceptions were properly saved.

The court instructed the jury, over plaintiff's objection, in effect, that if they should find from a preponderance of the evidence at the time the check was presented for payment that the drawer had an amount of money on deposit equal to or more than the amount of the check, they should find for the plaintiff, otherwise for the defendant, and that if they should

find from the evidence that the check was received and marked paid and charged to the account of the drawer on the books of the bank it would be a strong circumstance against the defendant, although it would not be conclusive, and might be overturned by a preponderance of the testimony that there was no money in the bank at that time.

From a judgment for defendant plaintiff appealed.

*W. F. Pace* and *Troy Pace*, for appellant.

1. The court's refusal to permit appellant to amend its complaint was a manifest abuse of discretion. The amendment would not have changed the original cause of action, but was simply a further step in line with the original allegation, and appellee could not have been surprised thereby, because it was from the beginning in full possession of all the facts. 64 Ark. 257.

2. The act of the cashier in marking the check paid and charging it to the account of the drawer constituted an acceptance. Morse, Banks & Banking, (3 ed.) § § 410, 449, 445, 511 (b). See also 5 Cyc. 538; 94 U. S. 343; 10 Wall. 152; 120 U. S. 514; 60 Md. 515; 14 Am. St. Rep. 391.

No brief filed for appellee.

KIRBY, J., (after stating the facts). This case was tried upon a wrong theory of the law. The complaint did not state a cause of action, there being no liability upon the part of the bank to the payment of the check of one of its depositors until the acceptance of the same by the bank, regardless of the state of the depositor's account. This court has already held, with the decided weight of authority, that the giving of a check upon a bank is not an assignment of the amount of it to the payee, upon which he can bring a suit against the bank for its payment, there being no privity between the drawee bank and the holder of the check until acceptance by it. *Sims* v. *American Nat. Bank*, 98 Ark. 1.

The amendment asked to be made was material, was in the discretion of the trial court to permit, and was shown by the testimony to rest upon such facts as were within the exclusive knowledge of the defendant, not known to, and that could not have been sooner ascertained by, the plaintiff. The facts furnishing the basis for the proposed amendment were dis-

closed by the defendant's testimony, and were submitted to the jury without its objection. Defendant could have been in no way surprised, nor its defense of nonliability changed, by the amendment which was offered to be made as soon as the facts were discovered, and the court should have granted the motion and permitted the amendment. *Southern Ins. Co.* v. *Hastings,* 64 Ark. 257.

The question for the decision of the jury was whether the bank had become liable to the payment of the check by reason of it having been marked paid and charged to the drawers' account, under all the circumstances and testimony relating thereto, and this question was not, and could not have been, submitted to the jury under the original complaint and the erroneous instructions given by the court.

It was not necessary to the bank's liability that it should have on deposit to the drawers' credit more than the amount of this check at the time of its presentation, for it would have become liable to its payment by an acceptance of it, and could have permitted an overdraft as it had usually done, or withheld its own check, which it claimed to have in its drawer against the account of the makers of the check, which latter the testimony indicates it did do.

For the error in refusing the amendment and giving said improper instructions, the judgment is reversed, and the case is remanded with directions to permit the amendment and for a new trial.

McCULLOCH, C. J., dissenting.