EXCHANGE BANK & TRUST COMPANY *v.* ARKANSAS GRAIN
COMPANY.

Opinion delivered December 14, 1925.

1. BILLS AND NOTES—ACCEPTANCE OF BILL.—The acceptance of a bill
of exchange is the signification by the drawee of his assent to the
order of the drawer.

2. ASSIGNMENTS—RECEIPT AND FILING OF ORDER.—Where a rice
growers' association received and filed an order of a customer
to pay the amount due him for rice to another, this constituted
an acceptance of the order, which then became in legal effect an
assignment of funds in the association's hands belonging to the
customer.

3. BILLS AND NOTES—RIGHTS OF PAYEE OF DRAFT.—The payee of an
unaccepted check, order, draft or bill of exchange cannot maintain
an action upon it against the drawee, as there is no privity of
contract between them; but the payee may sue the drawee after
acceptance.

4. ASSIGNMENTS—ACCEPTANCE.—Where a rice growers' association
accepted a customer's order to pay funds due to him to a bank,
it was not necessary for the bank to show that it accepted same
since the presumption is that the order, being for the bank's
benefit, was accepted by it.

Appeal from Arkansas Circuit Court, Northern Dis-
trict; *George W. Clark,* Judge; reversed.

*John L. Ingram,* for appellant.

*Joseph Morrison,* for appellee.

WOOD, J.   On February 22, 1924, the Arkansas Grain
Company procured a judgment against Fred E. Bueker
in the circuit court of Arkansas County for $368.27, and
afterwards on April 9, 1924, filed allegations and inter-
rogatories against the Arkansas Rice Growers' Co-opera-
tive Association, as garnishee, alleging that that associa-
tion, on and after the service of the writ of garnishment,
was indebted to the defendant in the sum of $400, and had
in its hands personal assets belonging to the defendant
Bueker of that value.   The Arkansas Rice Growers' Co-
operative Association, the garnishee, answered the al-
legations and interrogatories to the effect that it had in
its hands a certain quantity of rice which it believed to
be the property of the defendant Bueker, which was de-

livered to it by Bueker; that Bueker, on January 9, 1924, delivered to the garnishee the following order:

"Dear Sirs: The Exchange Bank & Trust Company of Stuttgart, Arkansas, holds a note signed by me in favor of J. F. Whaley for $435.55, and interest at ten per cent. per annum, from January 7, 1922, until paid. I hereby pledge any amount that may be due me from this date as additional returns on my 1923 crop of rice to satisfy said note, and you are hereby instructed to deliver to said bank any additional advances that may come to me. And you are requested to acknowledge receipt to the Exchange Bank & Trust Company of this pledge, and to advise said bank that no other lien is on my crop except this order on you.

"Yours truly,

(Signed) Fred E. Bueker."

That the garnishee had paid out a large sum on account of the delivery of said rice to the defendant and the holder of the first mortgage on the crop of rice mentioned; that the garnishee did not know whether there would be any money in its hands in excess of the amount necessary to satisfy the order above referred to at the time of the settlement for the rice crop; that the garnishee did not have in its hands any goods, chattels, moneys, credits or effects, except in the manner and to the extent above set forth. The garnishee prayed that the action be dismissed as to it.

The Arkansas Grain Company, in its reply to the answer of the garnishee, admitted that the garnishee was the holder of the order above set forth, but denied that said order assigned any part of the funds now in the hands of the garnishee, but alleged that such order merely directed the garnishee to pay moneys to the Exchange Bank & Trust Company, and that, such being the case, it did not create a lien upon the funds in the hands of the garnishee, and that the writ of garnishment sued out by the appellee created a lien upon the funds prior and paramount to that created by the order in the hands of the garnishee. The grain company prayed that the

writ of garnishment be declared a prior and paramount lien to the order in the hands of the garnishee, and that the funds now in the hands of the garnishee be applied upon the payment of its judgment against the defendant in the original action.

On August 5, 1924, the Exchange Bank & Trust Company filed an intervention alleging that Bueker, the defendant in the original action, was indebted to it in the sum of $508.13, and that, for the purpose of paying that amount, Bueker, on January 9, 1924, had executed and delivered to it his order on the Arkansas Rice Growers' Co-operative Association, directing such association to pay the amount of his debt to the Exchange Bank & Trust Company; that the Arkansas Rice Growers' Co-operative Association, the garnishee, accepted the order and filed the same in its office; that, under and by virtue of such order, the Exchange Bank & Trust Company is the owner of the funds garnished, and that its claim is prior and paramount to the claim of the Arkansas Grain Company. The Exchange Bank & Trust Company prayed that the Arkansas Rice Growers' Co-operative Association be directed to pay to it the sum of $508.13.

The Arkansas Grain Company answered the intervention and denied that the garnishee association accepted the order, and denied that the order was an assignment of the moneys due Bueker by the garnishee.

The cause was tried on the following agreed statement of facts:

"It is agreed that on January 9, 1924, before the writ of garnishment herein was issued and served, that the defendant, Bueker, executed and delivered to the interveners, Exchange Bank & Trust Company, the order, a copy of which is attached hereto, as exhibit A, and that said order was, on the same date, delivered to the garnishee, Arkansas Rice Growers' Co-operative Association by the said Exchange Bank & Trust Company. That said association received said order and placed same on file, and that same is now on file in its office in Stuttgart, Arkansas."

The cause, by consent, was submitted to the court sitting as a jury, and the court found generally in favor of the Arkansas Grain Company, and entered a judgment in its favor directing the garnishee to pay over to it the funds in its hands as soon as the amount thereof was definitely ascertained, and dismissed the intervention of the Exchange Bank & Trust Company, from which judgment it prosecutes this appeal.

The appellee contends that the order of January 9th, set forth above, was not accepted by the Arkansas Rice Growers' Co-operative Association, the garnishee, and this contention is the crux of this lawsuit, because, if there was an acceptance of the order by the garnishee, in the legal sense of that term, then the garnishee became bound to pay the money in its hands belonging to Bueker to the appellant. If there was an acceptance of the order by the garnishee, its character, by that act, was changed from a simple order to an assignment. It was stated in the agreed statement of facts that said Arkansas Rice Growers' Co-operative Association received said order, and placed same on file, and that same is now on file in its office. It occurs to us that this act of the association in receiving and filing the order was tantamount to saying to Bueker, the drawer of the order: "We acknowledge receipt of your order, accept the same, and will pay the money to the Exchange Bank & Trust Company as you direct." The language of the order cannot be construed in any other way than as an absolute renunciation of the amount belonging to Bueker in the hands of the association in favor of the appellant and a peremptory direction to notify the appellant of that fact, and to pay to the appellant this money. When the association received and filed the order, instead of returning the same to Bueker or notifying him that it would not comply with his instructions, such act, as we have already stated, on the part of the association was equivalent to saying: "We will pay the money to the appellant as you direct."

"The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer." Brannon on Negotiable Instruments, 3rd ed., § 132, p. 358; Bouvier's Law Dictionary, "Acceptance."

It occurs to us that the receiving and filing of the order by the association was an acceptance thereof on its part, and the order then became in legal effect an assignment of the funds in the hands of the association to the appellant. Such was the interpretation of the order by the association itself, and of its act in receiving and filing the same, as shown in the allegations of its answer, wherein it states that "this garnishee is now holder of an order signed by said Fred E. Bueker, defendant herein, by virtue of which order said defendant assigns to the Exchange Bank of Stuttgart the proceeds to be derived from the sale of his rice, the sum of $435.55."

It is the settled doctrine that the payee of an unaccepted check, order, draft, or bill of exchange, cannot maintain an action upon it against the drawee, for there is no privity of contract between them. *Sims* v. *First National Bank of Fort Smith*, 98 Ark. 1; *Rogers Comm. Co.* v. *Farmers' Bank of Leslie*, 100 Ark. 537; *Southern Trust Co.* v. *American Bank of Commerce, etc.*, 148 Ark. 283; *First National Bank of Washington* v. *Whitman*, 94 U. S. 343. But, if the drawee has accepted, then the payee may maintain the action. As we construe the action of the association, it accepted the order in controversy, and therefore the above authorities show that the association was liable to the appellant for the amount of the funds in the association's hands belonging to Bueker. Since the order by the action of the association became in legal effect an assignment, it was not necessary for the appellant to show affirmatively that it accepted the same. The order being for appellant's benefit, the presumption is, in the absence of proof to the contrary, that it was accepted by it. 4 Cyc. p. 29, note.

It follows that the court erred in holding that the appellee had prior and superior rights to the appellant by

virtue of the garnishment. The judgment is therefore reversed, and the cause remanded with directions to enter a judgment in favor of the appellant for the amount due Bueker in the hands of the association.