## MOYE & DAVIS *v.* WATKINS.

### Opinion delivered June 21, 1926.

ASSIGNMENTS—EFFECT OF UNACCEPTED ORDER.—A written order by a landlord to her tenant that he pay the rent to a particular person is not operative as an assignment of such rents, as against a garnishment, in absence of an acceptance of the order by the tenant.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Brundidge & Neelly,* for appellant.

*John E. Miller* and *Cul L. Pearce,* for appellee.

WOOD, J. On December 3, 1919, Addie M. Garrison executed a note to the Bank of Searcy, hereafter called bank, in the sum of $600, and a mortgage on certain lands to secure the same, in White County, Arkansas, described as the east part of the northeast quarter of the southeast quarter of section 14, less six acres in the southeast corner, sold to W. P. Lattimer; also the east part of the southeast quarter of northeast quarter of section 14, less one acre in the northeast corner, sold to School District No. 8 and R. M. Lattimer, all in township 8 north, range 9 west. Payments have been made on the indebtedness reducing the same to the sum of $486.18. In July, 1924, the bank threatened to foreclose the mortgage, and Mrs. Garrison thereupon wrote to the president of the bank and the trustee named in the

mortgage the following letter: "July 18, 1924. In regard to the place, I am not able to come down now, but if you will let me keep the place I will turn over the rents until it is paid for; so let me know."

At the time the above letter was written, one B. F. Lawrence was in possession of the land under an oral contract to pay the customary rent for same. No reply was made to the above letter by Watkins or the bank. No further payments were made, and in December, 1924, Watkins, the trustee in the deed, and the bank instituted this action against Mrs. Garrison to recover on the note and to reform and foreclose the mortgage for the amount then due on the note. At the same time the plaintiffs caused a writ of garnishment to be issued against B. F. Lawrence, which was duly served upon him. The garnishee answered, stating that he had in his hands the sum of $186.06, rents from the land which he had rented from Mrs. Garrison and which sum he had deposited in the bank and would pay over to the party or parties entitled thereto under order of the court. On January 2, 1925, Moye & Davis intervened, alleging that they were the owners of the rents from the lands mentioned in the complaint by virtue of a certain chattel mortgage that had been executed to them by one Garrison, the agent of Addie M. Garrison. They asked that the chattel mortgage be reformed so as to show that it included the rents in controversy. They also alleged that in October, 1925, Mrs. Garrison had made a written assignment to them of the rents for the year 1923, and they asked that the court make an order directing the garnishee to pay over to them the money held in his hands. Mrs. Garrison did not answer the complaint.

Watkins testified that he was the president of the bank and trustee named in the mortgage. The note in suit was due December 3, 1920. She paid the rent, which was credited on the note for the years 1921 and 1922. She didn't pay rent for the year 1923, whereupon witness wrote her urging her to make payment, and on July 18, 1924, she wrote the letter above set forth. She

had rented the land for the year 1924 to B. F. Lawrence. Witness never replied to the above letter in writing. Witness went to see Mrs. Garrison in October in regard to the payment of her note, and she stated there would be no trouble about getting the rents for that year. Witness brought suit to foreclose the mortgage and to have the description therein corrected.

Moye testified that he and Davis were partners in business, under the firm name of Moye & Davis. Garrison had been doing business with his firm and giving it a mortgage every year. He gave the firm a mortgage to cover rents on lands in White County. The mortgage didn't say rent. Garrison had rented the lands to one Lawrence, but they forbade him to turn the rent over to anybody, and witness asked Garrison to give the mortgage. Mrs. Garrison gave witness a statement to show that Garrison was acting as her agent when he executed the mortgage. Witness knew nothing about Mrs. Garrison's agreement to give the rent to the bank. Witness let Mrs. Garrison have the money to pay the interest on the note at one time. The mortgage to Moye & Davis was executed by Garrison on February 21, 1924. It included certain personal property and crops to be grown on land in White County, but did not mention the rents. On October 25, 1924, Mrs. Garrison executed the following instrument: "Please pay to Moye & Davis all cotton rents grown on my place in White County this year (1924), to cover mortgage given by my husband, N. B. Garrison, acting agent for me, same mortgage being given by my husband February 21, 1924, to be paid November 1, 1924." Garrison and his wife owed Moye & Davis about $250.

Garrison testified that he gave the mortgage to Moye & Davis to cover the rent on his wife's place for supplies to go on during the year 1924, the place on which Lawrence was living. Witness was agent for his wife, and had no other property in White County. He had been executing a mortgage on her property ever since he had been farming. Witness did not represent to

the bank that the payments made on its note were from the rent.

Mrs. Garrison testified that Garrison was acting as her agent at the time he executed the mortgage to Moye & Davis, and she understood that she was mortgaging the rents on her property in White County. When she wrote the letter to the bank on July 18, 1924, she intended that the bank should have the rent provided it did not close her out. Witness was not willing that the mortgage should be reformed, so that the bank could get the money, since the bank treated her as it had. The reason the witness was willing to turn the rent over to Moye & Davis was because she and her husband had to have supplies to make their crop. Witness knew that the mortgage had been executed at the time she wrote the letter to the bank. It was shown that there was some mistake in the description of the land intended to be embraced in the mortgage to the bank.

Upon substantially the above facts the court rendered a decree in favor of the bank for its debt in the sum of $584.11 and reforming the mortgage and ordering the same to be foreclosed. The court also entered an order finding that Lawrence had in his hands $183.06 to which the bank was entitled, and directed that this sum, the amount of rents on the lands included in the deed of trust executed by the Garrisons to the bank, be paid over to the bank by the garnishee, such sum to be credited on the note. From that order is this appeal. The court thereupon rendered its decree reforming the mortgage, and directed that the same be foreclosed to satisfy the balance of the indebtedness due the bank on the Garrison note. There is no appeal from the decree of foreclosure.

The order of Mrs. Garrison of October 25, 1924, on her tenant Lawrence, requesting him to pay the rents for the year 1924 on the White County place to Moye & Davis, did not operate as an assignment to Moye & Davis of such rents, for the reason that there is no testimony in the record tending to prove that the instrument was ever accepted by Lawrence, on whom it was drawn,

Therefore the amount of these rents in the hands of Lawrence must be treated as money or property of Mrs. Garrison and subject to garnishment at the time the appellees had the writ of garnishment issued and served upon him.

In *Exchange Bank & Trust Co.* v. *Arkansas Grain Co.,* 169 Ark. 1084, 277 S. W. 871, we said: "It is the settled doctrine that the payee of an unaccepted check, order, draft, or bill of exchange cannot maintain an action upon it against the drawee, for there is no privity of contract between them. But, if the drawee has accepted, then the payee may maintain the action." See authorities there cited.

The testimony is not sufficient to show that the appellant had a mortgage on the rents in controversy, and, since the appellant had no title by transfer or assignment, it follows that the garnishment issued and served on Lawrence impounded the funds in his hands for the benefit of the appellees and entitles them to subject the same to their debt. The decree of the trial court so holding is correct, and it is therefore affirmed.