WAYNE TANK & PUMP COMPANY v. BANK OF
EUREKA SPRINGS.

Opinion delivered January 31, 1927.

1. BANKS AND BANKING—UNACCEPTED CHECK—RIGHT OF ACTION.—As a general rule, the holder of an uncertified and unaccepted check has no right of action against the bank on which it is drawn, even though the bank has funds of the drawer out of which it could pay the check, for the reason that there is no privity of contract between the holder of the check and the drawee bank.

2. BANKS AND BANKING—UNAUTHORIZED INDORSEMENT OF CHECK.—The payee of a check, whose agent, without authority, indorsed and collected the check, is entitled to hold drawee bank liable for the amount of the check, since the payee may ratify the action of the bank in receiving and collecting the check without ratifying the unauthorized act of the agent in indorsing the check.

Appeal from Carroll Circuit Court, Western District; *W. A. Dickson,* Judge; reversed.

*P. F. Johnson* and *Charles D. James,* for appellant.

*C. A. Fuller,* for appellee.

SMITH, J.   Cook & Border, merchants at Eureka Springs, bought from Ed Kincaid, a salesman representing the Wayne Tank & Pump Company, an oil storage tank, the regular price of which was $559, a discount of five per cent. being allowed for full payment in cash.

These tanks were sold under written orders, which had printed in large type that "agents for the company

are not authorized to collect money hereunder, except for initial payment.''

Cook & Border paid cash for the tank ordered by them, and, in payment therefor, delivered to Kincaid their check on the Bank of Eureka Springs for $538.85. Kincaid presented the check for payment to the bank on which it was drawn, and payment was first refused. Later in the same day Kincaid again presented the check, and exhibited the contracts under which he was taking orders for tanks, and under which he had sold a tank to the drawer of the check which he presented to the bank for payment, and it was paid.

After waiting about a month for the tank to be shipped, Cook & Border wrote the vendor, Wayne Tank & Pump Company, inquiring the cause of the delay in shipping the tank, and received a response from the company advising that no order had been received. Thereupon Cook & Border made profert of their contract with Kincaid and the check which Kincaid had cashed, whereupon the company shipped the tank contracted for by their agent, and brought this suit to recover the amount of the check from the bank. There was a trial before the court sitting as a jury, and a finding and judgment for the bank, from which is this appeal.

From the facts recited it will appear that the case of *Schaap* v. *First National Bank of Fort Smith,* 137 Ark. 251, 208 S. W. 309, is controlling here. The facts in that case were that Slates, the agent of Schaap, had authority to sell drugs and to collect past-due accounts, and to receive payment either in money or in checks drawn in favor of his principal. Slates collected certain accounts, which were paid in checks payable to the order of Schaap, and, after indorsing the checks in the name of the payee, collected the money on them and misappropriated it. Schaaps sued the banks which had paid the checks. It was insisted that the authority to collect past-due accounts either in money or checks carried with it the authority to indorse the checks received by Slates in payment of the accounts, and the trial court sustained that contention. In reversing

that judgment we said: "When Slates received them (the checks) in payment of a debt due his principal, his duty as collector ceased, except to transmit the checks to his principal. The indorsement of the checks was not a necessary incident to the collection of the accounts, and his authority to receive checks, instead of cash, did not confer power to indorse the checks. It has been uniformly held that the fact that an agent authorized to make collections in checks as well as in money does not enlarge his authority to indorse checks so taken in the name of his principal."

It was insisted in that case, as it is here, that the payee in the check had no right to sue the bank upon which it was drawn, for the reason that the indorsement upon which it was paid was forged, and that the bank had not therefore accepted the checks for payment. The cases of *Sims* v. *American Nat. Bk. of Ft. Smith,* 98 Ark. 1, 135 S. W. 356; *Rogers Com. Co.* v. *Farmers' Bank of Leslie,* 100 Ark. 537, 140 S. W. 992; and *State, use, etc.,* v. *Bank of Commerce,* 133 Ark. 498, 202 S. W. 834, L. R. A. 1918F, 538—were cited in support of that contention.

These cases, which are here cited, were reviewed in the Schaap case, and, after saying that these cases are in accord with the general rule that the holder of an uncertified and unaccepted check can, in the absence of a statute, maintain no action thereon against the bank on which it is drawn, even though the bank has funds of the drawer out of which it could pay the check, for the reason that there is no privity of contract between the holder of the check and the drawee bank, this court proceeded to say: "As we have already seen, Slates, the agent of the plaintiff, had no right to indorse the checks in the plaintiff's name, and the plaintiff's right to the checks remained precisely as it was before Slates undertook to indorse them for him. The checks therefore, when received by the defendants, were the property of the plaintiff, and in that case he may, as we have seen, ratify the action of the banks in receiving the checks and collecting their pro-

ceeds without ratifying the unauthorized act of his agent in indorsing the checks in the name of the principal.''

The law as stated in the Schaap case appears to be decisive of the present appeal.

The judgment of the court below must therefore be reversed, and it is so ordered.