ATKINSON *v.* BANK OF NASHVILLE.

Opinion delivered January 9, 1928.

1. PRINCIPAL AND AGENT—EVIDENCE OF AUTHORITY.—In an action against a bank by the maker of a check in which the sole issue was whether the agent of the payee had authority to indorse and collect the check made by plaintiff payable to the agent's principal, evidence as to the principal's authority to another bank to cash checks payable to it on the agent's indorsement was not admissible.

2. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.—Authorizing an agent to make collections in checks as well as in money does not authorize him to indorse checks so taken in his principal's name.

3. PRINCIPAL AND AGENT—EVIDENCE AS TO AGENT'S AUTHORITY.—In a depositor's action against the bank, which paid a check payable to a firm on indorsement by the firm's agent, where the members of the firm testified that the agent had no authority to cash the check, evidence relative to business transactions of the agent with other parties, without showing that the firm knew thereof, or that they subsequently ratified them, was inadmissible.

Appeal from Howard Circuit Court; *B. E. Isbell,* Judge; reversed.

*James S. McConnell,* for appellant.

*J. G. Sain,* for appellee.

HUMPHREYS, J.   This is an appeal from a judgment rendered in the circuit court of Howard County, dismissing the complaint of appellant.   The questions involved on the appeal are whether certain evidence was improperly admitted by the trial court, and whether the testimony is sufficient to support the verdict and consequent judgment.   The sole issue in the case was whether William Chamblin was authorized to indorse and collect from appellee a check for $150, payable to the order of Parker Brothers, drawn by appellant to pay for fruit trees ordered by appellant from Parker Brothers, through their sales agent, William Chamblin.

The written order for the trees was given to Chamblin the first day of September, 1925.   The order contained a provision that it should not become a binding contract unless and until accepted by Parker Brothers. It was never delivered by Chamblin to Parker Brothers, so the order was never accepted or filed.   On the 8th day of September, 1925, Chamblin induced appellant to pay for the trees in advance by offering him a discount on the contract price.   Plaintiff gave the check in question in payment of the trees.   The check was collected by William Chamblin, and used by him personally.   The check and indorsement thereon is as follows:

"Nashville, Ark., 9/8/25 No.............

"Bank of Nashville:

"Pay to the order of Parker Bros. $150 (one hundred and fifty dollars).   (Paid).

"S. W. Atkinson.

Indorsed:   "Parker Bros., by Wm. Chamblin."

The record discloses, without dispute, that, for several years just prior to the transaction, William Chamblin was the general agent of Parker Brothers in the vicinity of Nashville, in Howard County, to take orders for fruit trees and other nursery stock for Parker Brothers, who were in the nursery business in Washington County, and to collect for the nursery stock in money or checks, but there is an entire absence of testimony to show that he had authority from Parker Brothers to

indorse and cash checks made payable to them for the nursery stock at the time the check in question was given. Bell's testimony tended to show that Parker Brothers authorized the Farmers' Bank & Trust Company at Nashville to cash checks given to Parker Brothers, in payment of nursery stock, upon William Chamblin's indorsement, while Chamblin did business with that bank and before he commenced doing business with appellee bank.

We do not think Bell's testimony admissible in an endeavor to show that such authority was conferred upon appellee bank, or that Parker Brothers authorized Chamblin to indorse checks made payable to them for nursery stock. The law applicable to cases of this character was clearly stated in two well-considered cases, one decided recently and the other several years ago, by this court, as follows: "The fact that an agent is authorized to make collections in checks, as well as in money, does not enlarge his authority to indorse checks so taken in the name of his principal." *Schaap* v. *First National Bank of Fort Smith*, 137 Ark. 251, 208 S. W. 309; *Wayne Tank & Pump Company* v. *Bank of Eureka Springs*, 172 Ark. 775, 290 S. W. 370.

George Parker testified positively that his firm never gave authority to William Chamblin to indorse and cash checks payable to them which he received on orders for nursery stock.

Appellant and his son-in-law, A. W. Hale, testified that, when they approached C. F. Hill, cashier of appellee bank, to ascertain the bank's authority for having cashed the check, Hill told them that it just assumed the authority. Hill did not deny making this statement to them.

Quite a number of the acts of Chamblin in behalf of Parker Brothers were introduced in evidence relative to business transactions with other parties, but it was not shown that Parker Brothers knew of the transactions or that they subsequently found out about them and ratified same. None of his acts were admissible in evidence unless traced to the knowledge of Parker Brothers.

All such evidence should have been ruled out by the court. On account of the admission of Bell's testimony and the transactions referred to with other parties which were not traced to the knowledge of Parker Brothers, the judgment is reversed, and the cause is remanded for a new trial.