SAF-T-BOOM CORP. *v.* UNION NATIONAL BANK.

5-2966                                     367 S. W. 2d 116

Opinion delivered April 29, 1963.

*Moses, McClellan, Arnold, Owen & McDermott,* by *E. M. Arnold* and *W. E. Henslee,* for appellant.

*Chowning, McHaney, Mitchell, Hamilton & Burrow Pope, Pratt & Shamburger,* by *Donald S. Ryan,* for appellee.

FRANK HOLT, Associate Justice. This action stems from a controversy about the ownership of a $5,644.80 check made payable to the appellant, Saf-T-Boom Corporation. The check was accepted and paid by the appellee, Union National Bank, upon an unauthorized endorsement.

The appellant demanded that the Bank make good to it, as the named payee, the check which appellee, Robert L. James, had negotiated upon his unauthorized endorsement. The Bank refused and then froze or impounded the balance in James' personal account which was the sum of $1,204.58. Thereupon the appellant filed suit against the appellee, Union National Bank, for wrongful payment to James of the $5,644.80 check. The Bank denied liability and as an affirmative defense alleged, inter alia, that the check was given to appellant without consideration and was not drawn in payment of an existing obliga-

tion to the appellant. The Bank cross complained against James for any amount that might be awarded to the appellant on its complaint. James denied liability to the Bank for cashing the check upon his unauthorized endorsement and cross complained against his employer, Saf-T-Boom Sales and Service Corporation, for sales commissions earned but unpaid to him, together with certain advances made by him to the company. Saf-T-Boom Sales and Service Corporation denied the validity of James' complaint and filed a cross complaint against James for conversion of the $5,644.80 check as company funds belonging to it and in addition thereto asked for damages because of the loss of its franchise rights due to James' unauthorized endorsement, or conduct, all of which James denied.

The appellant, Saf-T-Boom Corporation, is an Arkansas corporation and is the owner and manufacturer of a safety device for crane-type heavy equipment. On February 1, 1960, appellant entered into a contract with appellee, Saf-T-Boom Sales and Service Corporation, a separate and distinct Arkansas corporation, which contract granted to it the exclusive franchise to market these devices within the United States with the exception of the State of Arkansas. On February 1, 1961, Saf-T-Boom Sales and Service Corporation made a contract with the appellee, Robert L. James, by which he became its general manager and sales representative. He was, also, a director of Saf-T-Boom Corporation. In June of 1961, Robert L. James and Jack E. Hill, a fellow salesman, sold twelve of these safety devices, or $5,644.80 worth of them, to the Elliott Equipment Company of Nashville, Tennessee. Based on this sale, the Sales and Service Corporation forwarded a purchase order to Saf-T-Boom Corporation which in turn filled the order by causing the twelve devices to be shipped direct to Elliott, the purchaser. The appellant billed Saf-T-Boom Sales and Service Corporation for the amount of the sale, less the sale commission of 50%. The Sales and Service Corporation billed Elliott. In paying for these devices Elliott, the purchaser, made the $5,644.80 check payable to Saf-T-Boom Corporation, the appellant, and mailed it to 1613 Main Street, Little

Rock, Arkansas, which address was the joint office of both corporations. On July 3, 1961, upon receipt of the check at this address, James proceeded, without authority, to endorse the check "Saf-T-Boom Corporation—R. L. James, Director" and added, "Robert L. James," his personal endorsement. He then presented the check for payment to appellee, the Union National Bank of Little Rock. The Bank honored his endorsement and deposited $5,044.80 in Robert L. James' personal account and gave James the balance of $600.00 in cash. The check was duly paid by the drawee bank at Nashville, Tennessee. At the time of this transaction the appellant, Saf-T-Boom Corporation, maintained its corporate bank account with the appellee, Union National Bank. The Bank had on file the resolution of the appellant's Board of Directors and a signature card authorizing the recognition by the Bank of only two signatures. It is undisputed that James had no authority to endorse this check. Neither did he have authority to negotiate checks for the Sales and Service Corporation.

At the time of this transaction, James contended that his employer, the Sales and Service Corporation, was indebted to him for commissions in the sum of $7,156.25. As distributor, the Sales and Service Corporation was indebted at this time to Saf-T-Boom Corporation, the owner and manufacturer of the safety device, in the amount of $8,874.54.

This litigation was submitted to the Circuit Judge, sitting as a jury, who found that the purchaser, Elliott, was indebted to appellee, Saf-T-Boom Sales and Service Corporation; that the check in question was erroneously made payable to the order of appellant, Saf-T-Boom Corporation, and that the Sales and Service Corporation was the legal owner of the check; that James should have delivered the check to his employer, the Sales and Service Corporation; that Sales and Service Corporation was indebted to James for commissions earned in the sum of $7,156.25; that James had possession of $4,480.00 from the proceeds of the Elliott check; the Court then held that appellant was not a "holder of the check for value" and dismissed the complaint of the appellant; the court also

dismissed the cross complaint of the Bank against James and gave him judgment against the Sales and Service Corporation for $2,676.25 [after allowing a credit of $4,480.00] on his cross complaint; the court then rendered judgment against the Bank for $1,204.58, representing the impounded funds in James' personal account, in favor of the Sales and Service Corporation. From this judgment appellant brings an appeal.

For reversal, Saf-T-Boom Corporation, the sole appellant, contends that as the named payee it is the owner of the check and, since the appellee-bank wrongfully paid the check to James, the Bank is liable to the appellant as payee for the full amount thereof.

In this State we have long adhered to the general rule that when a bank has obtained possession of a check upon the unauthorized or forged endorsement of the payee's signature and then collects the amount of the check, as was done in this case, the bank is liable to the payee for the entire proceeds of the check, notwithstanding the proceeds thereof were paid to the person who negotiated the check. This question was first considered in *Schaap* v. *First National Bank of Ft. Smith,* 137 Ark. 251, 208 S. W. 309,[1] and there our court quoted with approval this language:

" 'No equitable considerations can be invoked to soften seeming hardships in the enforcement of the laws and rules fixing liability on persons handling commercial paper. These laws are the growth of ages and the result of experience, having their origin in necessity. The inflexibility of these rules may occasionally make them seem severe, but in them is found general security.' "
Further, Mr. Justice Hart, speaking for our court, said:

" * * * The general rule is that an *unauthorized indorsement is a nullity.* * * * In such cases the bank cannot avoid liability by showing that its conduct was governed by good faith and the payee is entitled to recover unless he has been guilty of fraud or negligence in the matter." [Citing cases — emphasis added] There

---

[1] See also *Wayne Tank & Pump Co.,* v. *Bank of Eureka Springs,* 172 Ark. 775, 290 S. W. 370; *Shultz Const. Co.,* v. *Crawford County Bank,* 182 Ark. 569, 32 S. W. 2d 177.

is no evidence of fraud or negligence by the named payee in this case.

The basis for the almost universal approval of this rule can be summarized in the statement that the possession of a check based upon a forged or unauthorized endorsement of the payee's signature is wrongful and when the money is collected on such a check the collecting bank is liable as for moneys had and received, the bank receiving the proceeds for the use of the payee. Therefore, when the bank received the money on the check it had no more title to the money than it had to the check. 9 C. J. S., Banks & Banking, § 254, pp. 526 & 528; 31 A. L. R. 1068; 67 A. L. R. 1535; 7 Am. Jur., Banks, § 597, p. 432.

In this case it is undisputed that appellee, Robert L. James, had no authority, expressed or implied, to endorse the check in question. When a check is offered to a bank the obligation is upon the bank to determine if the endorsement is genuine and made by the payee or one duly authorized by the payee. Certainly it is a highly suspicious circumstances to cash or credit to one's personal account a check made payable to a corporation.

The Bank and James assert that the appellant was not the owner or holder in due course because the check was not supported by any consideration. We do not consider this contention as a material issue in this case when viewed in the light of our long established rule of law relating to an unauthorized endorsement.[2]

In appropriate proceedings in law or equity the remaining rights as between the various parties, of course, may be further enforced or adjudicated.

We hold that the appellant's right of recovery for the full proceeds of the check from the Bank is complete and the Court erred in holding to the contrary. The judgment is reversed and the cause remanded with directions to enter a judgment in favor of Saf-T-Boom Corporation against the Bank for $5,644.80 and interest.

[2] For recent cases in other jurisdictions on the question of ownership or bank's liability, see *Brede Decorating, Inc.,* v. *Jefferson Bank & Trust Co.,* (Mo. 1961) 345 S. W. 2d 156; *AEtna Casualty & Surety Co.,* v. *Lindell Trust Co.,* (Mo. 1961) 348 S. W. 2d 558; *Leadbetter* v. *Meadow Brook National Bank,* (N. Y. 1963) 236 N. Y. S. 2d 659.